

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2002

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Thomas" (2002). *2002 Decisions.* Paper 572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


NO. 01-2139


UNITED STATES OF AMERICA

v.

KEVIN THOMAS, a/k/a MICHAEL ALLEN THOMAS

Kevin Thomas,
                    Appellant


On Appeal from the United States District Court
    for the Eastern District of Pennsylvania
         (D.C. Crim. No. 00-cr-00700)
    District Judge:  Hon. Jay C. Waldman


Submitted Under Third Circuit LAR 34.1(a)
            September 12, 2002

Before:  SLOVITER and RENDELL, Circuit Judges, and
            McCLURE,* District Judge

(Filed: September 13, 2002)


OPINION OF THE COURT

_____

*    Hon. James F. McClure, Jr., United States District Court for the Middle District of
     Pennsylvania, sitting by designation. SLOVITER, Circuit Judge.

     Appellant Kevin Thomas, who pled guilty to possession of a firearm by a
convicted felon, appeals from the sentence.  He challenges the District Court's refusal to
appoint him new counsel, its levy of a fine at sentencing, and the failure to fully credit his
time served in a state facility towards that of his federal sentence.  We will affirm.
                                    I.
     The facts of this case are not in dispute.  On May 1, 2000, after a high-speed
pursuit, Philadelphia police apprehended Thomas and recovered a Glock 17 semi-
automatic pistol that he had thrown from his vehicle during the chase.  The firearm
matched the shoulder holster Thomas was wearing when he was apprehended.  He was
indicted for violation of 18 U.S.C.  922(g)(1), knowing possession of a firearm, in and
affecting commerce, by a convicted felon.  The indictment listed four prior violent felony
convictions, exposing Thomas to enhancement under the Armed Career Criminal Act, 18
U.S.C.  924(e)(1).  Appointed counsel, the Federal Defender Association, moved to
withdraw as counsel.  The District Court granted the motion and appointed Christopher
Warren as Thomas' defense counsel.  Thomas pled guilty, pursuant to a written plea
agreement, on January 29, 2001.
     In April of 2001, Thomas wrote to the District Court, requesting new counsel on
the ground that Warren was not preparing for the sentencing hearing in a manner
satisfactory to him.  The basis for his dissatisfaction was counsel's failure to collaterally

attack Thomas' 1986 robbery conviction (one of the four prior convictions listed in the indictment) and to request a hearing under United States v. Garcia, 544 F.2d 681 (3d Cir. 1976), challenging the evidentiary sufficiency of the proof of conviction as hearsay. Thomas also complained of Warren's failure to subpoena certain documents relevant to that conviction pursuant to the collateral attack. Id. at 683-84. In response, the government attached a certified copy of Thomas' robbery conviction to its Sentencing Memorandum to demonstrate that it was not hearsay and thus could not fall under Garcia.

At the sentencing hearing, the District Court denied Thomas' request because it found no good cause for the appointment of new counsel. The District Court reasoned that counsel's replacement was unwarranted since any competent attorney would have concluded, as did Warren, that Thomas had no right to either a Garcia hearing or a collateral attack on a state court conviction in the context of a federal sentencing hearing.

The District Court assigned Thomas a criminal history category of V as an armed career criminal under 18 U.S.C. 924(e)(1) with an offense level of 30 and sentenced him to 180 months incarceration (the guideline minimum), a fine of $1,500, a $100 special assessment, and five years supervised release. The District Court also ordered that Thomas would be credited with federal time served and, if allowed by law, state time served as well. Thomas filed a timely notice of appeal on May 8, 2001.

II.

The District Court had subject matter jurisdiction under 18 U.S.C. 3231. This court has jurisdiction under 28 U.S.C. 1291. We review the District Court's denial of new counsel under an abuse of discretion standard. United States v. Goldberg, 67 F.3d 1092, 1097 (3d Cir. 1995). Thomas' challenge to the District Court's imposition of a fine is reviewed for plain error as it was not raised at the sentencing hearing. United States v. Torres, 209 F.3d 308, 313 (3d Cir. 2000).

III.

Thomas' argument that he was entitled to appointment of new counsel at his sentencing hearing is premised, as it was at the hearing, on two contentions: (1) that his counsel failed in his duties by refusing to move for a Garcia hearing and (2) that his counsel was obliged, when requested, to collaterally challenge his 1986 robbery conviction at the sentencing hearing, but declined to do so. Both claims are predicated on Thomas' contention that the 1986 robbery conviction, which was one of the convictions that led to his designation as an armed career criminal with the consequent sentencing enhancement, was not in fact for robbery but for receiving stolen property.

In Garcia, a pre-guidelines case, this court upheld the use of hearsay from pre-sentence reports and noted that the trial court had given the defendant an opportunity to have an evidentiary hearing on challenged information. Thomas, however, was not sentenced on the basis of hearsay. The 1986 conviction (as well as his other three prior convictions) was proven to the District Court via certified copies of Thomas' judgment and commitment orders. Certified copies of court documents are not hearsay, and therefore Garcia is inapplicable.

Similarly, Thomas' claim based on his attorney's failure to launch a collateral attack on the 1986 robbery conviction has no legal support. In Custis v. United States, 511 U.S. 485, 496-97 (1994), the Supreme Court held that a defendant may not launch a collateral attack on a prior conviction used for enhancement under the Armed Career Criminal Act in the absence of a claim that the conviction was obtained in violation of the right to counsel. Thomas makes no such claim. Thomas' reliance on United States v. Hernandez, 218 F.3d 272 (3d Cir. 2000), is equally misplaced as that case centered on the use of less-than-reliable documentation to establish the predicate felonies, whereas, as previously noted, in the instant appeal the predicate felony at issue was established via a certified copy of the order of commitment.

Moreover, as the District Court noted, the federal sentencing hearing is not an appropriate venue for the prosecution of such an attack. Thomas' remedy is to seek to correct the record in the state court where the conviction was obtained. A district court need not grant a request for new counsel unless there is "good cause" to do so. Goldberg, 67 F.3d at 1098, citing United States v. Welty, 674 F.2d 185 (3d Cir. 1982). We agree with the District Court that any competent attorney would conclude, as Warren did, that Thomas could not collaterally attack his 1986 robbery conviction in his federal sentencing proceeding, and therefore the District Court did not abuse its discretion by failing to replace Thomas' attorney for refusing to argue the claims Thomas asserts.

Finally, we reject Thomas' claim that the District Court clearly erred by assessing him a fine of $1,500. Under U.S.S.G. 5E1.2(a), a district court is required to impose a fine in all cases except those in which "the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." In such cases, the defendant bears the burden of proving he is unable to pay the fine. Torres, 209 F.3d at 312. The District Court conducted such an inquiry into Thomas' ability to pay and concluded that, given Thomas' court-ordered participation in the Inmate Financial Responsibility Program for the duration of his 180 month sentence (minimum income $300 per annum) and the anticipated minimum wage employment he would be engaged in during his period of supervised release (estimated $2,000 per annum discretionary income), he would be more than capable of paying the $1,500 fine. We see no error in the District Court's imposition of the $1,500 fine.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge